PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. ANDRÉS CRUZ-ROSADO, Defendant and Appellant.

No. 2522. Argued May 26, 1925.—Decided June 3, 1925.

1. ARMS—CARRYING ARMS.—Section 1 of the Act of 1924 refers to weapons intended for offense and defense, such as those enumerated in the Act of 1905 and any others similar.
2. ID.—ID.—The weapons prohibited by the Act of 1924 are not those which are not intended for offense and defense, although bodily injury may be caused with them.

District Court of Mayagüez, Angel Acosta, J.   Judgment of conviction for carrying arms.  *Reversed.*

*Benet & Souffront* for the appellant.  *José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Andrés Cruz Rosado was accused of the offense of carrying prohibited arms in that on September 24, 1924, he carried on his person a rawhide whip, a weapon or instrument with which bodily injury may be caused. He was convicted of the offense and took the present appeal, assigning several errors, but it will be sufficient to consider the following question.

[1] Section 1 of the Act of March 9, 1905 (Comp. sec. 5994), was not amended by the Act of 1908 and prohibited specifically the carrying of any pistol, dirk, dagger, slingshot, sword, sword cane, cudgel, spear or knuckles made of any metal or any hard substance, or bowie-knife or any other knife, manufactured or sold for purposes of offense or defense, or any machete, unless carried by certain persons or on certain occasions.

That section was amended by Act No. 14 of June 25, 1924 (p. 114), which, instead of specifying the weapons which are prohibited, provides that any person who unlawfully carries any arm or instrument with which bodily injury may be caused shall be punished by imprisonment for a term of from one to six months.

A weapon, according to its common meaning and the

definition of the word given in the dictionary of the Spanish Academy, is an instrument intended for offense and defense; or, in other words, an instrument for the purposes of offense and defense. Therefore, section 1 of the Act of 1924 (p. 116), in providing for the punishment of any person who unlawfully carries any weapon, can not refer to anything but instruments intended for offense or defense, as are those enumerated in the Act of 1905 (Comp. sec. 5994), and although it is true that the Act of 1924 failed to specify the weapons prohibited and used a general word, yet the meaning of that word does not include other weapons than instruments intended for offense and defense, such as those specified in the Act of 1905 and any others similar.

[2] It is true that the law in force at present not only prohibits the use of weapons, but also of any instrument with which bodily injury may be caused, yet inasmuch as with weapons intended for offense and defense bodily injury may be caused, by applying the rule of *noscitur a sociis* we conclude that the instruments that may cause bodily injury and are prohibited are those similar to weapons and not those which are not intended for offense or defense, although bodily injury may be caused with them. We think that this was the intention of the legislators, for otherwise it would follow that many objects or instruments not intended for offense or defense, as scarf-pins, hat-pins, paperweights, whips, etc., would have to be considered as prohibited weapons because it is possible to cause bodily injury with all of them, and with some even death.

In view of this conclusion and inasmuch as a rawhide whip is not a weapon, or an instrument like a weapon, because it is not intended for purposes of offense and defense, it being an ordinary whip generally used for the punishment of animals, the appellant has not committed the offense of which he was convicted and the judgment appealed from should be reversed and the defendant discharged.